UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ANITA OWEN                                                                                           PLAINTIFF

V.                                       No. 3:22-CV-180-JTR

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER[1]

Pending before the Court are Plaintiff's Motion, First Amended Motion, and Second Amended Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412. *Doc. 19*. Plaintiff's attorney, Mickey Stevens, requests a total award of **$4,876.04** (which sum includes 19.2 hours incurred in 2022 at an hourly rate of $237.86; and 1.2 hours in 2023 at an hourly rate of $237.86, and expenses of $23.70). The Commissioner filed an Objection. *Doc. 20*. For the reasons set forth below, Plaintiff's Motion, First Amended Motion, and Second Amended Motion for Attorney's Fees are granted in part.

### I. Procedural History

On July 15, 2022, Plaintiff filed her Complaint for Review of a Denial of Social Security Benefits and for Declaratory Judgment. *Doc. 1*. On January 19, 2023,

---

[1] The parties consented, in writing, to the jurisdiction of a United States Magistrate Judge. *Doc. 5*.

the Commissioner filed an unopposed Motion to Remand. *Doc. 14*. On January 20, 2023, the Court remanded this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). *Doc. 15*. On March 23, 2023, Plaintiff filed a Motion for Attorney's Fees Pursuant to the EAJA. *Doc. 17*. Subsequently, Plaintiff filed an Amended Motion for Attorney's Fees on March 31, 2023, and a Second Amended Motion for Attorney's Fees on April 2, 2023. *Docs. 18, 19.*

On April 4, 2023, the Commissioner filed a Response. The Commissioner objects to: (1) Plaintiff's $237.86 hourly rate; and (2) Plaintiff's total requested hours. *Doc. 20 at 1*, *4*. The Commissioner does not oppose the $23.70 request for expenses.

Plaintiff replied on April 6, 2023. *Doc. 21*. According to Plaintiff's Reply, the original Motion for Attorney's Fees contained an error in the hourly rate. *Id.* at 5. This error prompted Plaintiff to file a First Amended Motion for Attorney's Fees. *Id.* Plaintiff also removed certain items from his original bill in both the First and Second Amended Motions for Attorney's Fees.[2] Plaintiff maintains the reasonableness of the requested rate and number of working hours. *Doc. 21 at 5.*

---

[2] This footnote details the changes in each successive Motion for Attorney's Fees. In the First Amended Motion for Attorney's Fees, Plaintiff lowered the hourly rate and removed hours for mailing documents, filing a certificate of service, and *in forma pauperis* tasks. *Doc. 17-2 at 2, Doc. 18-2 at 2*. In the Second Amended Motion for Attorney's Fees, Plaintiff added time spent emailing opposing counsel, researching, and preparing the Second Amended Motion for Attorney's Fees. *Doc. 19-1 at 2*. Plaintiff's Second Amended Motion for Attorney's Fees also removed the previously requested PACER fees related to the administrative record. *Id.*

## II. Discussion

The Commissioner objects to Plaintiff's hourly rate and the number of hours requested. The Court will address both issues in turn.

### A. Hourly Rate

In this case, Plaintiff requests an hourly rate of **$237.86**.

The EAJA permits an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). The EAJA entitles a prevailing social security claimant to an award of reasonable attorney fees and expenses unless the Court determines that the Commissioner's position was "substantially justified" or special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Whether the Commissioner's position was "substantially justified" is not at issue in this case.

The statutory ceiling for EAJA awards, set on March 29, 1996, is $125 per hour. 28 U.S.C. § 2412(d)(2)(A). Attorney fees cannot exceed the $125 rate in the absence of a justification based on: (1) an increase in cost of living; or (2) another special factor, such as the limited availability of qualified attorneys for the proceedings involved. *Id.*

A court may increase the hourly rate when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees in excess of the statutory ceiling, such as a copy of the Consumer Price Index ("CPI")." *Sprawls v. Kijakazi,* No. 4:22-CV-00421-LPR, 2023 WL 2330465, at *1 (E.D. Ark. Mar. 2,

3

2023) (quoting *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990)). However, enhanced hourly fee rates based on cost-of-living increases should be consistent in each case, "rather than producing disparate fee awards from each court within the district or from different districts within this circuit." *Morris v. Berryhill*, No. 4:16-CV-00830-JLH-BD, 2017 WL 4842382, at *2 (E.D. Ark. Oct. 26, 2017) (quoting *Johnson*, 919 F.2d at 505).

Courts in the Eastern District of Arkansas consistently rely on fee decisions from other courts within the district in determining whether a requested rate is reasonable. *Shepard v. Colvin*, No. 5:13-CV-00069-JTK, 2014 WL 1333185, at *1 (E.D. Ark. Apr. 2, 2014) ("Taking into account the Consumer Price Index, as well as the EAJA fee awards from past cases within Arkansas, the Court believes that an hourly rate of $186.00 will reasonably compensate the Plaintiff's attorney for the work performed in this case") (citing *Hull v. Colvin,* No. 4:13-CV-16-DPM, 2014 WL 1987907 (E.D. Ark. Jan. 15, 2014); *Morris*, 2017 WL 4842382, at *2 (E.D. Ark. Oct. 26, 2017) (citing *Hull* and utilizing the consistency argument found in *Shepard*).

The typical formula for rate calculation using the CPI is as follows: multiply the CPI for the *year* that attorney fees are sought by the standard EAJA rate ($125), and then divide the product by the CPI applicable to March 1996, the month the statutory cap was imposed. *Eoff v. Kijakazi*, No. 4:20-CV-00708-LPR, 2022 WL 2290495, at *1 (E.D. Ark. Apr. 28, 2022) (citing *Knudsen v. Barnhart*, 360 F. Supp.

2d 963, 974 (N.D. Iowa 2004) (emphasis added)). However, courts in the Eastern District of Arkansas have rejected the notion that an hourly rate is calculated "simply by multiplying $125 per hour by a number derived from the [CPI]." *Morris*, 2017 WL 4842382, at *2 (E.D. Ark. Oct. 26, 2017) (citing *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1009 (E.D. Ark. 2011)). Instead, the CPI "provides proof warranting an enhanced fee award; it does not replace the Court's discretion in determining a reasonable fee." *Id.*

In this case, the Commissioner takes issue with Plaintiff's hourly rate and the number of hours requested. *Doc. 20 at 1*. The precise issue before the Court is whether the use of a monthly CPI—instead of a yearly average CPI—is reasonable. Plaintiff calculated their rate pursuant to the standard calculation as described above. However, instead of using the yearly average CPI, Plaintiff used the CPI for July 2022.[3] The resulting rate is $237.86. In response, the Commissioner's calculation uses a yearly 2022 average CPI, and the resulting rate is $234.95.[4] The difference between the two rates is $2.91.

In their Response, the Commissioner argues that Plaintiff's bill reflects work performed throughout 2022—not just in July of 2022. Additionally, the

---

[3] Plaintiff utilized the July 2022 monthly CPI because Plaintiff filed the Complaint in July 2022. *Doc. 21 at 4*.

[4] The Commissioner takes the average yearly CPI from a table published by the U.S. Bureau of Labor Statistics. *Doc. 20 at 4*.

Commissioner cites a recent case where an Eastern District of Arkansas court approved a yearly CPI approach. *Sprawls v. Kijakazi*, No. 4:22-CV-00421-LPR, 2023 WL 2330465, at *1 (E.D. Ark. Mar. 2, 2023) (approving a rate using annual national CPI figures for 2022).

In response, Plaintiff asserts that several courts in this district have affirmed the use of a monthly CPI when the Commissioner *did not oppose* the Motion for Attorney's Fees. This is correct. When the Commissioner waives their objections, courts have awarded fees using Plaintiff's requested rate calculation.[5] Plaintiff also cites *Kemnow v. Kijakazi*, a case where the court approved the use of a monthly CPI when the Commissioner *did not respond* to the Motion for Attorney's Fees. 4:21-CV-00312-BSM (E.D. Ark. July 26, 2022). However, *in this case*, the Commissioner has objected to Plaintiff's requested rate, and the Court will address the Commissioner's objections.

Plaintiff also argues that the Eighth Circuit Court of Appeals endorsed the use of a monthly CPI in *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990). *Doc. 21 at 3*. This is incorrect. *Johnson v. Sullivan* does not address the narrow issue before this Court: whether it is reasonable to use a monthly CPI calculation instead of a

---

[5] *See, e.g.*, *Mitchell v. Kijakazi*, 4:20-CV-00457-JTK, *Doc 27* (E.D. Ark. June 15, 2021); *Bennett v. Social Security Admin*, 2:20-CV-00190-JTR, *Doc. 17* (E.D. Ark. June 2, 2021); *Stancil v. Social Security Admin*, 4:20-CV-01144-JTR, *Doc. 24* (E.D. Ark. July 26, 2021)).

yearly average CPI calculation when applying a cost-of-living increase and formulating a rate. Plaintiff also argues that the Commissioner is collaterally estopped from objecting to his fee request.[6] The Court disagrees. Finally, Plaintiff argues that *Metcalf v. Kijakazi* supports the position that "a CPI for a particular point of time may be used." No. 4:21-CV-00435-LPR, 2022 WL 3140461 (E.D. Ark. Aug. 5, 2022). This is not accurate. The court in *Metcalf* simply alluded to certain fee arrangements between the Social Security Administration and attorneys where the rate is calculated using the June CPI for the previous year. *Metcalf*, 2022 WL 3140461, at *2. No such fee arrangement exists in this case.

When researching this issue, the Court discovered at least one recent fee award rejecting a plaintiff's use of a monthly CPI when the Commissioner opposed the Motion for Attorney's Fees. In *Moses v. Commissioner of Social Security*, the plaintiff requested a 2022 hourly rate of $237.86—the same rate at issue in this case—calculated using the July monthly CPI. No. 4:22-CV-00611-JM-ERE, 2023 WL 3080040, at *1 (E.D. Ark. Apr. 25, 2023). In opposition, the Commissioner argued that the court should calculate the rate using the yearly average CPI. Application of the yearly average CPI resulted in a rate of $234.95 (again, the same rate the Commissioner requests in this case). United States District Judge James M.

---

[6] The Eighth Circuit, citing to the Supreme Court, rejects the collateral estoppel argument in the context of the EAJA. *Cornella v. Schweiker*, 728 F.2d 978, 987 (8th Cir. 1984) (citing *United States v. Mendoza,* 464 U.S. 154 (1984)).

Moody agreed with the Commissioner and awarded the plaintiff fees at the $234.95 hourly rate—not the higher rate the plaintiff requested. Additionally, United States District Judge Lee P. Rudofsky recently awarded 2022 fees at a $235 hourly rate. *Sprawls v. Kijakazi*, No. 4:22-CV-00421-LPR, 2023 WL 2330465, at *2 (E.D. Ark. Mar. 2, 2023).

To promote consistency in fee awards across this district, the Court awards Plaintiff fees at an hourly rate of $234.95. *See Metcalf*, 2022 WL 3140461, at *2 (E.D. Ark. Aug. 5, 2022) (applying the 2021 rate to minimal hours worked in 2022); *Moses*, 2023 WL 3080040, at *1 (E.D. Ark. Apr. 25, 2023) (applying the 2022 rate to minimal hours worked in 2023); and *Sprawls*, 2023 WL 2330465, at *2 (E.D. Ark. Mar. 2, 2023) (applying the 2022 rate to minimal hours worked in 2023).

### B. Number of Hours Worked

The Commissioner also challenges Plaintiff's counsel receiving compensation for 1.0 hours of time spent preparing the original and two amended Motions for Attorney's Fees. According to the Commissioner, Plaintiff's counsel is not entitled to the half hour of time he expended preparing the two amended Motions for Attorney's Fees in this case. *Doc. 20 at 4–5*.

Plaintiff has acknowledged that the original Motion for Attorney's Fees contained calculation errors. *Doc. 21 at 5*. The First Amended Motion for Attorney's Fees lowered both the number of hours and the rate requested. *Doc. 17-2 at 2, Doc.*

8

*18-2 at 2*. In the Second Amended Motion for Attorney's Fees, Plaintiff: (1) removed the previous request for PACER fees related to the administrative record; and (2) added time spent emailing opposing counsel, researching, and preparing the Second Amended Motion for Attorney's Fees. *Doc. 19-1 at 2*.

The Commissioner asserts that Plaintiff's counsel only drafted the additional Motions for Attorney's Fees after the Commissioner initiated settlement negotiations and "pointed out calculation errors and other objectionable aspects within Plaintiff's original [Motion for Attorney's Fees]." *Doc. 20 at 4–5*. The Commissioner argues that Plaintiff should not be compensated for time spent correcting errors. *Id. at 5*. Plaintiff's Reply concedes the initial calculation error but states that counsel removed other items, such as mailing and PACER fees, out of the spirit of compromise. *Doc. 21 at 5*. According to Plaintiff, counsel reasonably included certain fees in his original Motion for Attorney's Fees. *Id.*

Other courts in the Eastern District of Arkansas have approved 1.5 hours related to a single Motion for Attorney's Fees.[7] I find that Plaintiff's counsel's request for 1 hour of time to prepare the original and two amended Motions for Attorney's Fees is reasonable. Accordingly, I conclude that he is entitled to compensation for that time.

---

[7] *See, e.g.*, *Sprawls*, 2023 WL 2330465, at *2 (E.D. Ark. Mar. 2, 2023); *Eoff*, 2022 WL 2290495, at *2 (E.D. Ark. Apr. 28, 2022).

### III. Conclusion

The Court concludes that Plaintiff is entitled to an award of attorney's fees under the EAJA, calculated at a rate of $234.95 per hour for 20.4 hours, resulting in $4,792.98, plus $23.70 for expenses, for a total award of **$4,816.68.**

IT IS THEREFORE ORDERED that Plaintiff's Motion, First Amended Motion, and Second Amended Motion for Attorney's Fees pursuant to the EAJA (*Docs. 17, 18, 19*) are GRANTED IN PART.

Plaintiff is awarded **$4,792.98** in fees and **$23.70** in expenses under the EAJA.[8]

SO ORDERED, this 16th day of May, 2023.

                                                                                                _____
UNITED STATES MAGISTRATE JUDGE

---

[8] Consistent with the Commissioner's usual procedure in light of *Astrue v. Ratliff*, 560 U.S. 586 (2010), the check awarding EAJA fees should be made payable to Plaintiff but mailed to the Plaintiff in care of Plaintiff's attorney at the attorney's office.